Argued and submitted January 31; resubmitted In Banc August 5, affirmed
October 21, reconsideration denied December 9, 1992, petition for review denied
January 26, 1993 (315 Or 312)

## STATE OF OREGON,
*Respondent,*

*v.*

## HAROLD DAVID PRUITT,
*Appellant.*

(CR0-1871; CA A68891)

839 P2d 735

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Carol J. Fredrick, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

JOSEPH, C. J.

Durham, J., dissenting.

## JOSEPH, C. J.

In a trial to the court, defendant was convicted of failing to perform the duties of a driver when property adjacent to a highway is damaged. ORS 811.700(1)(c). He appeals from the trial court's denial of his motion for judgment of acquittal. We affirm.

At 12:30 a.m. on August 6, 1990, defendant lost control of his car and damaged a fire hydrant in Bend. The car became high-centered on the hydrant, and he required the assistance of others to remove it. While he was working on that, someone reported the accident to the Bend police. Officer Sweet responded in a patrol vehicle. When she was about 30 or 40 feet away from the hydrant, defendant sped away in his car. Sweet followed, stopped and arrested him.

ORS 811.700 provides, in part:

"(1)   A person commits the offense of failure to perform the duties of a driver when property is damaged if the person is the driver of any vehicle and the person does not perform duties required under any of the following:

"* * * * *

"(c)   If the person is the driver of any vehicle involved in an accident resulting only in damage to fixtures or property legally upon or adjacent to a highway, the person shall do all of the following:

"(A)   Take reasonable steps to notify the owner or person in charge of the property of such fact and of the driver's name and address and of the registration number of the vehicle the driver is driving.

"(B)   Upon request and if available, exhibit any document issued as official evidence of a grant of driving privileges to the driver."

Defendant asserts that there was not sufficient evidence to withstand his motion for judgment of acquittal at the end of the state's case. Reduced to its essentials, defendant's argument is that, unlike some other statutes relating to a driver's duties at the scene of an accident, ORS 811.700(1)(c) does not require a driver in defendant's position to stop immediately and communicate information and to remain at the scene. That is accurate, but it is not sufficient to decide this case.

The only case interpreting ORS 811.700(1)(c) is *State v. Porter*, 95 Or App 373, 768 P2d 940, *rev den* 308 Or 33 (1989). In *Porter*, we said:

> "The requirement that a person take 'reasonable steps' to notify the person in charge of the damaged property of the fact that it has been damaged articulates what is required sufficiently. It is left to the finder of fact to determine only whether the steps taken to provide the information to the owner or person in charge met that standard." 95 Or App at 374.

Defendant, in the vernacular, peeled out and left the scene of the accident, spraying gravel and dirt, just as a police officer arrived. When he was stopped by the officer, he claimed that he was driving to a convenience store a few blocks away to use the telephone to report the damage. He acknowledged that there was an open pizza parlor closer to the scene of the accident. He was driving while suspended and while intoxicated.

Given that the fire hydrant belonged to the City of Bend and that a Bend Police Officer arrived on the scene, defendant could have reported the accident then if he had really wanted to. Instead, he drove off. He had reasons not to want to report the accident: His driver's license was suspended, and he was driving under the influence of intoxicants. A reasonable finder of fact could have determined that he did not take, and did not intend to take, reasonable steps to report the accident. In short, the trial court was entitled to reject the motion for acquittal.

Affirmed.

**DURHAM, J.,** dissenting.

The trial court convicted defendant because he left the scene before reporting that he had damaged a hydrant. The court held:

> "I find, given these facts, that defendant should have reported the accident before he moved his car and left the scene. Accordingly, I find the defendant guilty of failure to perform the duties of a driver."

The majority correctly acknowledges that ORS 811.700(1)(c) imposes no duty on a driver who damages property adjacent to the highway to remain at the scene or report the accident

before moving the car. Nevertheless, it affirms. Because I cannot rationalize convicting defendant for violating a duty that the law does not impose, I dissent.

The majority opinion omits important facts. Within Officer Sweet's plain view, defendant freed his car from the hydrant at 12:30 a.m. and drove away. She followed him for three-fourths of a block and, within moments of his departure, arrested him. Sweet testified that neither she nor the fire department owned the hydrant. She "guessed" that the city's public works department owned it. Aside from that "guess," the record does not disclose the identity of the person or city agency to whom a damaged property report should have been made or whether defendant could have contacted that person or agency at 12:30 a.m. if he had tried.

We held in *State v. Porter*, 95 Or App 373, 374, 768 P2d 940, *rev den* 308 Or 33 (1989), that, under ORS 811.700(1)(c), "[i]t is left to the finder of fact to determine only whether the steps taken to provide the information to the owner or person in charge" is reasonable.

The majority reasons that because defendant made a misleading statement about his plan to report the damage from a convenience store, the court could infer that he did not intend to report it at all. However, the statute punishes a failure to take reasonable steps to report. The issue is whether he arguably had violated that standard by the time he was arrested. His statement about his intended course of action, even if false, is irrelevant to whether his acts prior to arrest amounted to a failure to take reasonable steps to report.

The majority next observes that defendant could have reported the accident to the officer. Officer Sweet's testimony defeats any inference that that could have satisfied the duty. The state did not establish any other reasonable step that he could have taken to report damage or to whom such a report could have been made at 12:30 a.m.

Finally, the majority says that "[h]e had reasons not to want to report the accident: His driver's license was suspended, and he was driving under the influence of intoxicants." 115 Or App at 590. That statement may serve to vilify defendant, but it adds nothing to a legal analysis under ORS

811.700(1)(c). If defendant's conduct is not punishable, a bad motive cannot change the conclusion.

Both the majority and the state concede that ORS 811.700(1)(c) does not obligate a driver to remain at the scene of an accident that damages property near a highway. Although defendant was entitled to drive away, he was quickly arrested and was convicted *because* he departed. The affirmance of this conviction can only lead to further prosecutions under ORS 811.700(1)(c) for conduct that is not made punishable by law.

I dissent. Richardson and Riggs, JJ., join in this dissent.